UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRA SCALES,<br><br>             Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>             Defendant. | Case No. 1:24-cv-00070-WBS-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR REMAND**<br><br>(Docs. 16, 20)<br><br>FOURTEEN-DAY DEADLINE |

**Findings and Recommendations**

**INTRODUCTION**

Plaintiff Myra Scales ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income under Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe, for the issuance of findings and recommendations.

Having considered the briefing and record in this matter, the Court finds that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence as whole and is based upon proper legal standards. Accordingly, this Court will recommend that Plaintiff's motion for summary judgment be denied and the Commissioner's request to affirm the agency's determination to deny benefits be granted.

1

**FACTS AND PRIOR PROCEEDINGS**

Plaintiff protectively filed an application for supplemental security income on August 18, 2020. AR 14, 334-44.[1] Plaintiff alleged she became disabled on June 1, 2008, due to two hip replacements, psoriatic arthritis, and cyclic vomiting. AR 194, 352. Plaintiff's application was denied initially and on reconsideration. AR 194-98, 203-07. Subsequently, Plaintiff requested a hearing before an ALJ. AR 209-11. ALJ Brian Battles held an initial hearing on March 10, 2022. AR 14, 65-103. Vocational expert interrogatories were sent to William "Earl" Thompson, who testified at the hearing. AR 14, 415-19. The vocational expert's response was submitted to Plaintiff on March 20, 2022, and Plaintiff's representative requested a supplemental hearing. AR 14, 421-24, 429-30. Following the supplemental hearing, ALJ Battles issued an order denying benefits on December 21, 2022. AR 11-25, 104-40. Thereafter, Plaintiff sought review of the decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. AR 1-5. This appeal followed.

**Hearing Testimony and Medical Record**

The relevant hearing testimony and medical record were reviewed by the Court and will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

On December 21, 2022, using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 14-25. Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 18, 2020. The ALJ identified the following severe impairments: psoriatic arthritis, obesity, osteoarthritis bilateral hips, and osteoarthritis left knee. AR 18. The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments. AR 18-19.

Based on a review of the entire record, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, except that she could occasionally stoop,

---

[1] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

1 kneel, crouch, and crawl, occasionally climb ramps and stairs, and could never climb ladders,
2 ropes, or scaffolds.  She also could never work in an area that had very high concentrations of
3 dust, fumes, gases, and other pulmonary irritants and could never work in hazardous
4 environments, such as at unprotected heights or around moving mechanical parts.  She could
5 understand, remember, and carry out simple instructions in the workplace.  AR 19-23.  With this
6 RFC, the ALJ determined that Plaintiff could not perform any past relevant work.  AR 23.
7 However, there were other jobs existing in significant numbers in the national economy that she
8 could perform, such as patcher, touch up screener, and wooden product inspector.  AR 24-25.
9 The ALJ therefore concluded that Plaintiff had not been under a disability since August 18, 2020,
10 the date her application was filed.  AR 25.

## SCOPE OF REVIEW

12       Congress has provided a limited scope of judicial review of the Commissioner's decision
13 to deny benefits under the Act.  In reviewing findings of fact with respect to such determinations,
14 this Court must determine whether the decision of the Commissioner is supported by substantial
15 evidence.  42 U.S.C. § 405(g).  Substantial evidence means "more than a mere scintilla,"
16 *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance.  *Sorenson v.*
17 *Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975).  It is "such relevant evidence as a
18 reasonable mind might accept as adequate to support a conclusion."  *Richardson*, 402 U.S. at 401.
19 The record as a whole must be considered, weighing both the evidence that supports and the
20 evidence that detracts from the Commissioner's conclusion.  *Jones v. Heckler*, 760 F.2d 993, 995
21 (9th Cir. 1985).  In weighing the evidence and making findings, the Commissioner must apply the
22 proper legal standards.  *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).  This
23 Court must uphold the Commissioner's determination that the claimant is not disabled if the
24 Commissioner applied the proper legal standards, and if the Commissioner's findings are
25 supported by substantial evidence.  *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d
26 509, 510 (9th Cir. 1987).

## REVIEW

28       In order to qualify for benefits, a claimant must establish that he or she is unable to engage

3

in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## **DISCUSSION**[2]

Plaintiff argues that the ALJ failed to properly address Plaintiff's visual impairments at step two of the sequential evaluation. Plaintiff also argues that the ALJ failed to offer any reasons for rejecting Plaintiff's subjective complaints. (Doc. 16 at 2.)

**A. Step Two – Severity**

Plaintiff argues that the ALJ erred by failing to find her visual impairments severe at step two or account for related limitations at steps four and five of the sequential evaluation. (Doc. 16 at 5.)

At step two of the five-step sequential evaluation, the ALJ is required to determine whether a plaintiff has a "severe" medical impairment or combination of impairments. 20 C.F.R. § 416.920(c). An impairment, or combination of impairments, can be found not severe if the evidence establishes only a slight abnormality that has no more than a minimal effect on an individual's ability to work. *See* SSR 85–28, 1985 WL 56856 (Jan. 1, 1985); *see also Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir.1988) (adopting SSR 85–28). For an impairment to be "severe" it must significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 416.920(c). Step two "is a de minimis screening device [used] to dispose

---

[2] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

4

1   of groundless claims, and an ALJ may find that a claimant lacks a medically severe impairment or
2   combination of impairments only when his conclusion is clearly established by medical
3   evidence." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (citations and internal quotation
4   omitted). "The mere existence of an impairment is insufficient proof of a disability." *Matthews v.*
5   *Shalala*, 10 F.3d 678, 680 (9th Cir.1993). A claimant bears the burden of proving that an
6   impairment is disabling. *Id.* (citation omitted).

7   Here, in reviewing the medical evidence, the ALJ found that Plaintiff's psoriatic arthritis,
8   obesity, osteoarthritis bilateral hips, and osteoarthritis left knee were severe impairments.
9   Further, the ALJ found that Plaintiff's hypertension, gastroesophageal reflux disease, intractable
10  cyclical vomiting with nausea, glaucoma, and migraine headaches were not severe impairments
11  because the evidence did "not reveal that these impairments result in more than minimal work-
12  related limitations for 12 or more months." AR 18 (citing, *inter alia*, AR 1205 (eye examination
13  record), 1207 (eye examination record), 1253 (glaucoma consultation form), 1279 ("Glaucoma of
14  both eyes, unspecified glaucoma type" "cont current meds and with ophthalmology plan"); 1310-
15  1318 (vision treatment records and OCT report).

16  In arguing error at step two, Plaintiff asserts that "there is evidence to indicate that
17  Plaintiff's vision impairments had existed for more than twelve months and caused more than a
18  minimal limitation on her ability to see, which impacts her ability to perform work." (Doc. 16 at
19  4, citing AR 1311-14, 1200-04.) Plaintiff has the burden to demonstrate that any failure to
20  identify an impairment as severe was a harmful error. *Schmitzer v. O'Malley*, No. 1:22-cv-1038
21  JLT BAM, 2024 WL 4345772, at *4 (E.D. Cal. Sept. 30, 2024) (citation omitted).

22  Contrary to Plaintiff's argument, the treatment records cited by Plaintiff, which were also
23  considered by the ALJ, do not show that Plaintiff's vision impairment existed for more than
24  twelve months and caused more than a minimal limitation on her ability to perform work.
25  Instead, the cited records show that a regular eye examination completed in 2017 revealed
26  "normal health eyes with visual acuity at 20/20 in each eye," with a recommended plan for no
27  glasses and yearly eye exams. AR 1204. They also show a diagnosis of glaucoma in March
28  2022. AR 1313. However, a medical diagnosis alone does not make an impairment "severe." *See*

5

1 *Schmitzer*, 2024 WL 4345772, at *4 ("A medical diagnosis alone does not demonstrate how that
2 condition impacts Plaintiff's ability to engage in basic work activities. Put another way, a medical
3 diagnosis does not a severe impairment make."); *Gladys P. v. Saul*, No. 5:18-CV-01120-GJS,
4 2019 WL 3029112, at *2 (C.D. Cal. July 11, 2019) "[A] medical diagnosis alone does not make
5 an impairment qualify as 'severe.'"). No physician or medical source expressed an opinion as to
6 the effect, if any, of Plaintiff's glaucoma diagnosis on her ability to do basic work activities.
7 And, as the Commissioner points out, there is nothing in the medical records establishing that
8 Plaintiff's glaucoma was disabling in severity, not capable of treatment with prescribed
9 medications of brinzolamide and timolol (AR 1276), or that it resulted in more than minimal
10 work-related limitations for 12 or months.

11       Plaintiff additionally argues that the ALJ erred because he determined the record
12 warranted no additional development and denied Plaintiff's request for a consultative
13 examination. (Doc. 16 at 4.) "The regulations provide that the agency may obtain a consultative
14 examination to resolve evidentiary ambiguity or insufficiency, not that an ALJ must do so in
15 every case." *Brunson v. Kijakazi*, No. 1:21-cv-01082-GSA, 2022 WL 17418341, at *10 (E.D.
16 Cal. Dec. 5, 2022) (citations omitted); *see also* 20 C.F.R. § 416.919a(b) ("We may purchase a
17 consultative examination to try to resolve an inconsistency in the evidence, or when the evidence
18 as a whole is insufficient to support a determination or decision on your claim."). In other words,
19 an ALJ may order a consultative examination in cases exhibiting ambiguity or insufficiency in the
20 evidence. *See Reed v. Massanari*, 270 F.3d 838, 842 (9th Cir. 2001) (citing 20 C.F.R §§
21 404.1519a(b)(1), (4); 416.919a(b)(1), (4)); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir.
22 2001) ("Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for
23 proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'");
24 *A.Z. v. O'Malley*, 711 F. Supp. 3d 1106, 1110 (N.D. Cal. 2024) ("Since the ALJ did not find any
25 insufficiency or ambiguity in the record, he was not required to obtain a consultative psychiatric
26 examination for [claimant].").

27       Here, the ALJ denied Plaintiff's request for a consultative examination, concluding that
28 the record was "sufficient to make a determination regarding [Plaintiff's] vision and its impact on

6

1  her functioning." AR 15. Plaintiff advances no argument that the record was ambiguous or
2  inadequate so as to require a consultative examination. Rather, Plaintiff argues that there is no
3  evidence the ALJ actually considered the treatment notes regarding Plaintiff's glaucoma in
4  relation to her ability to function. (Doc. 16 at 4.) This argument is not supported by the record.
5  As noted above, the ALJ expressly considered Plaintiff's glaucoma and cited associated treatment
6  records. *See* AR 18 (citing AR 1205, 1207, 1253, 1279, 1310-1318). While Plaintiff asserts that
7  the ALJ provided no explanation regarding how the evidence supported his conclusion, (Doc. 16
8  at 4-5), the ALJ explained that the cited evidence did "not reveal that these impairments result in
9  more than minimal work-related limitations for 12 or more months." AR 18.

10  Moreover, as the Commissioner points out, the ALJ held the record open after the October
11  13, 2022 hearing to allow for supplementation with additional records, including Plaintiff's vision
12  center records. AR 110. An ALJ may discharge any duty to develop the record by keeping the
13  record open after the hearing to allow supplementation. *See Tonapetyan*, 242 F.3d at 1150. The
14  ALJ also informed Plaintiff's counsel that if there was something in the additional records that
15  further supported Plaintiff's request for an ophthalmology consultative examination, then he
16  would appreciate if that was "put into writing in a post-hearing submission." AR 115-16.
17  Plaintiff's counsel submitted the additional vision records, but they were not accompanied by a
18  written post-hearing submission in support of the requested consultative examination. AR 1310.
19  Although Plaintiff argues that the ALJ erred by failing to obtain an opinion regarding Plaintiff's
20  vision impairments from a consultative examiner, it is Plaintiff's burden to establish disability.
21  *Terry*, 903 F.2d at 1275; 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be
22  under a disability unless he furnishes such medical and other evidence of the existence thereof as
23  the Commissioner of Social Security may require."); 20 C.F.R. § 416.912(a) ("[Y]ou have to
24  prove to us that you are . . . disabled . . . .").

25  For the reasons detailed above, the Court finds that the ALJ did not commit reversible
26  error at step two of the sequential evaluation.

27  **B. Subjective Testimony**

28  Plaintiff argues that the ALJ failed to include work-related limitations in the RFC

7

consistent with the nature and intensity of Plaintiff's limitations, and failed to offer any reason for rejecting Plaintiff's subjective complaints. (Doc. 16 at 5.) Plaintiff further argues that the ALJ's failure to offer any clear or convincing reason for discounting Plaintiff's symptoms and alleged limitations warrants remand. (*Id.* at 6.)

In deciding whether to admit a claimant's subjective complaints, the ALJ must engage in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004). First, the claimant must produce objective medical evidence of his impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Garrison*, 759 F.3d at 1014. If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his symptoms only by offering specific, clear and convincing reasons for doing so. *Id.* at 1015.

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but discounted her statements concerning the intensity, persistence and limiting effects of those symptoms. AR 20. The ALJ was therefore required to provide specific, clear and convincing reasons for discounting Plaintiff's subjective complaints.

Plaintiff claims that the ALJ failed to offer any reason for rejecting Plaintiff's subjective complaints, and did not properly consider Plaintiff's subjective complaints under the criteria in the regulations or Social Security Ruling ("SSR") 16-3P. (Doc. 16 at 5-6.) The Court disagrees.

Insofar as Plaintiff argues that the ALJ failed to offer any reason for rejecting Plaintiff's subjective complaints, this argument is not persuasive.[3] The ALJ offered specific, clear and convincing reasons for discounting Plaintiff's subjective complaints. First, the ALJ considered whether Plaintiff's subjective complaints were consistent with the objective medical evidence of

---

[3] The Court notes that the ALJ did not entirely discount Plaintiff's subjective complaints. Rather, considering her subjective complaints regarding her symptoms and their impact on her functioning, along with other evidence, the ALJ limited Plaintiff to work at the sedentary exertional level with postural and environmental limitations. AR 21. Additionally, the ALJ limited Plaintiff to understanding, remembering, and carrying out simple instructions in the workplace "to account for the claimant's complaints of physical pain and findings of tenderness and their potential impact on her mental functioning." *Id.*

record. AR 20-22. While a lack of objective medical evidence cannot form the sole basis for discounting testimony, inconsistency with the medical evidence or medical opinions can be sufficient. *See Woods v. Comm'r of Soc. Sec.*, No. 1:20-cv-01110-SAB, 2022 WL 1524772, at *10 n.4 (E.D. Cal. May 13, 2022) (citing *Carmickle v. Comm'r*, 533 F.3d 1155, 1161 (9th Cir. 2008); 20 C.F.R. 416.929(c)(2) (consideration of objective medical evidence, including laboratory diagnostic techniques); SSR 16-3p, 2017 WL 5180304, at *5 ("We must consider whether an individual's statements about the intensity, persistence, and limiting effects of his or her symptoms are consistent with the medical signs and laboratory findings of record."); *see also Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) ("When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony."); *accord Dittmer v. Comm'r of Soc. Sec.*, No. 1:22-CV-01378-SAB, 2024 WL 967439, at *9 (E.D. Cal. Mar. 6, 2024) ("Ninth Circuit caselaw has distinguished testimony that is 'uncorroborated' by the medical evidence from testimony that is 'contradicted' by the medical records, deeming the latter sufficient on its own to meet the clear and convincing standard."). As one example of inconsistency, the ALJ considered Plaintiff's testimony that she continued to require an assistive device to ambulate, and contrasted it with record evidence showing "that the claimant's gait was normal without mention of an assistive device in September and December 2020 and April through October 2022. AR 21, citing AR 805 (September 2020: "Gait Patient's Gait: Normal, The patient can walk on Heels, Toes."), 815 (December 2020: "Gait Patient's Gait: Normal, The patient can walk on Heels, Toes."), 1291 (April 2022: "Normal gait, no assistive device used for ambulation."), 1294 (May 2022: "Normal gait, no assistive device used for ambulation."), 1299 (July 2022: "Normal gait, no assistive device use for ambulation."), 1305 (September 2022: "Normal gait, no assistive device use for ambulation."), 1308 (October 2022: "Normal gait, no assistive device use for ambulation."). The ALJ explained that he had "not allowed for the use of an assistive device because, despite the claimant's testimony regarding her use of an assistive device to ambulate, her examinations generally revealed a normal gait during the period at issue." AR 22.

As another example, Plaintiff alleged that her two hip replacements limited her ability to

9

work, and her arthritis was completely debilitating. The ALJ acknowledged Plaintiff's two hip replacement prior to the period at issue, and her complaints of left knee and hip pain, joint pain and stiffness, hand pain, and weakness. AR 20. However, the ALJ contrasted those complaints with examinations that showed normal musculoskeletal range of motion; normal strength; no musculoskeletal tenderness or swelling; a normal gait; normal cervical range of motion; normal and painless range of motion in her upper extremities bilaterally; no spinal tenderness; normal hip range of motion; no pain with range of motion in her hips; no trochanteric bursa tenderness; no knee tenderness; normal range of motion in her knees; negative straight leg raise; intact sensation; good grip strength bilaterally; and no extremity edema. AR 20-21, citing AR 462, 490, 508-09, 589, 805-06, 815-16, 828, 887, 1256-59, 1285, 1291, 1299, 1305. The ALJ also considered diagnostic studies of Plaintiff's hips and knees, including diagnostics of her bilateral hips taken in November 2021 showing postsurgical changes without loosening, (AR 1072), diagnostics of her right hip in December 2021 showing only mild muscle atrophy (AR 1069), and diagnostics of her left knee taken November 2021 that were normal (AR 1079, 1074). AR 21.

Second, the ALJ considered that Plaintiff was treated conservatively with medication and injections, and she had a positive response to treatment that was inconsistent with additional limitations. AR 21, 22. The effectiveness of medication or treatment is a relevant factor in determining the severity of a claimant's symptoms. 20 C.F.R. § 416.929(c)(3); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."). Here, the ALJ noted that Plaintiff repeatedly reported doing well and not experiencing any major arthritic flares. AR 21, citing AR 489 ("She feels better and overall no major flares"), 588-90 ("She seems to be doing well and no major flares"). The ALJ also found that Plaintiff repeatedly reported she was doing well and had adequate control over her hip pain with her current medications. AR 21, citing AR 832 ("Pt reports doing well and has adequate pain control with current pain regimen"), 913 ("patient says pain is still present and similar to prior visit being well controlled with current meds"). Indeed, the ALJ indicated that in May 2022, Plaintiff was "stable on her medication and reported that she was doing well with activities of daily living and had no medication side effects." AR 21, citing

AR 1295 ("Stable on current meds, patient is doing well with ADL functions, no side effects"). Plaintiff has not challenged this reason for discounting Plaintiff's subjective complaints.

Insofar as Plaintiff suggests that the ALJ erred by failing to mention every factor set forth in the regulations or SSR 16-3p in evaluating the intensity, persistence, and limiting effects of Plaintiff's symptoms, this suggestion is not persuasive. The factors in SSR 16-3p are a recitation of the factors set forth in the regulations at 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3). SSR 16-3p, 2017 WL 5180304, at *7. The regulations state only that the ALJ will consider these factors, and not that the ALJ is required to specifically discuss each of these factors in the decision. *See*, *e.g.*, *Williams v. Comm'r of Soc. Sec.*, No. 1:21-cv-01000-SAB, 2022 WL 3030270, at *4 (E.D. Cal. Aug. 1, 2022) (disagreeing with plaintiff's argument that the ALJ is required to "develop a written record concerning consideration of every factor" set forth in 20 C.F.R. § 404.1529(c)(3)); *Torres v. Comm'r of Soc. Sec.*, No. 1:19-cv-00067-SAB, 2020 WL 91996, at *5 (E.D. Cal. Jan. 8, 2020) (concluding ALJ not required to specifically discuss each of the factors set forth in 20 C.F.R. § 404.1529(c)). Similarly, SSR 16-3p does not require the ALJ to discuss expressly each of these factors. SSR 16-3p, 2017 WL 5180304, at *8 (The ALJ need only evaluate "the factors that are relevant to assessing the intensity, persistence, and limiting effects of the [claimant's] symptoms."). As discussed, the ALJ considered at least two of the factors relevant in assessing Plaintiff's symptoms.

Based on the above, the Court finds that the ALJ provided specific, clear and convincing reasons for discounting Plaintiff's subjective complaints.

## CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's motion for summary judgment (Doc. 16) be denied.

2. The Commissioner's request to affirm the agency's decision (Doc. 20) be granted.

3. The Clerk of the Court be directed to enter judgment in favor of Defendant Commissioner of Social Security, and against Plaintiff Myra Scales.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 18, 2025**                    /s/ *Barbara A. McAuliffe*
                                                                  UNITED STATES MAGISTRATE JUDGE